1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FOLUKE JOSE,                              Case No.: 16cv106-MMA (RBB)

12                          Plaintiff,
                                               **ORDER GRANTING DEFENDANT'S**
13   v.                                        **MOTION TO DISMISS**

14   SELECT PORTFOLIO SERVICING,
     INC.,                                     [Doc. No. 20]
15
                            Defendant.
16

17

18

19         On December 8, 2015, Plaintiff Foluke Jose filed a complaint in the Superior Court

20   of California, County of San Diego against Defendant Select Portfolio Servicing, Inc.

21   alleging various causes of action arising out of Plaintiff's default on a loan.  On January

22   15, 2016, Defendant removed the action to this Court.  Defendant now moves to dismiss

23   Plaintiff's First Amended Complaint (FAC) pursuant to Federal Rule of Civil Procedure

24   12(b)(6).  *See* Doc. Nos. 15, 20.  The Court found the matter suitable for determination

25   on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the

26   reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss, Doc. No.

27   20.

28

                                                1

Plaintiff alleges she purchased a home in 2003. In 2005, Plaintiff states that she refinanced the property with a loan from Argent Mortgage Company, LLC. She alleges, "[o]n information and belief, her loan was then bundled in Pass-Through Certificates, which was and is a federal procedure." Doc. No. 14, FAC ¶ 8. "The resulting loan pool is apparently an asset of a trust, the trustee of which is apparently Wells Fargo Bank." FAC ¶ 8. Plaintiff alleges the loan is thus "federally related" and "subject to [] federal statutes, regulations and federal public policy." FAC ¶ 11. Defendant is currently the mortgage servicing company for the loan. FAC ¶ 2. Plaintiff defaulted on the loan, making her last payment on August 11, 2014. FAC ¶ 26. Defendant filed a notice of default on August 12, 2015. FAC ¶ 27.

On December 8, 2015, Plaintiff filed this action alleging causes of action for negligence, intentional infliction of emotional distress, civil conspiracy, bad faith breach of contract, and seeking equitable remedies such as quiet title, and declaratory and injunctive relief. Defendant removed the action to this Court and subsequently moved to dismiss Plaintiff's original Complaint. The Court granted Defendant's motion to dismiss the Complaint, and allowed Plaintiff leave to amend. The FAC alleges causes of action for negligence and intentional infliction of emotional distress, and seeks equitable relief such as quiet title, and declaratory and injunctive relief.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

16cv106-MMA (RBB)

570 (2007).  The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  The court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts.  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *Id.*; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading.  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

**DISCUSSION**

**A.    Requests for Judicial Notice**

Generally, a district court's review of a 12(b)(6) motion to dismiss is "limited to the complaint." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002) (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)).

Consideration of extrinsic evidence ordinarily converts a 12(b)(6) motion to dismiss into a summary judgment motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "a court may consider 'material which is properly submitted as part of the complaint.'" *Id.* That includes documents that are physically attached to the complaint, and those that are not, but whose authenticity is not contested and where the plaintiff's complaint necessarily relies on them. *Id.* (citing *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir. 1998) (internal quotations omitted)). Second, a court may take judicial notice of matters of public record. *Id.* at 688–89 (citing *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (internal quotations omitted).

Defendant requests judicial notice of:

a. A copy of the Deed of Trust recorded on April 25, 2005 (Doc. No. 20-2, Exhibit A);

b. A copy of the Notice of Default and Election to Sell Under Deed of Trust regarding the subject property and recorded on August 12, 2015 (Doc. No. 20-2, Exhibit B); and

c. A copy of the Notice of Trustee's Sale regarding the subject property and recorded on November 17, 2015 (Doc. No. 20-2, Exhibit C).

A court may take judicial notice of matters of public record, such as the Deed of Trust. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). The parties do not dispute authenticity of the copy of the Deed of Trust, and the document has some relevance to this litigation because it pertains to the subject property. Thus, the Court **GRANTS** Defendant's request for judicial notice. The Court **DENIES AS MOOT** Defendant's remaining requests because the Court has already taken judicial notice of those documents in conjunction with Defendant's initial motion to dismiss. *See* Doc. No. 14.

## B. Failure to Cure Deficiencies

The gravamen of the FAC is that Defendant was required, pursuant to "federal public policy," to file a notice of default within seven or eight months after Plaintiff made

1 her last payment on the loan, but Defendant did not do so until twelve months after

2 Plaintiff's default.  Based on that contention, Plaintiff alleges causes of action for

3 negligence and intentional infliction of emotional distress and seeks equitable remedies

4 such as quiet title, and declaratory and injunctive relief.

5 Previously, the Court granted Defendant's motion to dismiss the Complaint,

6 dismissing all of Plaintiff's claims and allowing Plaintiff leave to amend most claims.  In

7 the FAC, Plaintiff fails to cure the deficiencies outlined in the Court's prior Order.  *See*

8 Doc. No. 14.  Plaintiff has reorganized the pleading and added additional legal

9 arguments, but her claims remain substantively the same and Plaintiff fails to add

10 additional factual content that would change the Court's analysis.

11       **i.     Negligence**

12 As did the Complaint, the FAC fails to allege facts supporting Plaintiff's

13 contention that Defendant, as a loan servicing company, owed her a duty of care that

14 could give rise to a negligence claim.  *See Aguinaldo v. Ocwen Loan Servicing, LLC*, No.

15 12CV1393-EJD, 2012 WL 3835080, at \*6–7 (N.D. Cal. Sept. 4, 2012) (stating that "a

16 duty between a borrower and loan servicer that would give rise to a negligence action [. .

17 .] has not been recognized under the law"); *Shepherd v. Am. Home Mortg. Servs.*, No.

18 Civ. 09-1916 WBS GGH, 2009 WL 4505925, at \*2 (E.D. Cal. 2009) (stating that loan

19 servicers do not owe duties to borrowers); *Weismann v. Caliber Home Loans, Inc.*, No.

20 16CV203-GPC(BLM), 2016 WL 6680212, at \*4 (S.D. Cal. Nov. 14, 2016).  For the same

21 reasons as set forth in the Court's previous order, Plaintiff again fails to allege any special

22 circumstances that would apply to warrant an exception to the general rule that financial

23 institutions and loan servicers owe no duty of care to borrowers where their conduct does

24 not exceed the scope of their conventional roles.  *See Anderson v. Deutsche Bank Nat.*

25 *Trust Co. Americas*, 649 F. App'x 550, 552 (9th Cir.) (citing *Biakanja v. Irving*, 320 P.2d

26 16 (1958)) (declining to impose a duty of care on a loan servicer where "the borrowers'

27 negligence claims [were] based on allegations of delays in the processing of their loan

28 modification applications").

1    Likewise, even were the Court to assume that Defendant owed Plaintiff a duty of

2   care to file a notice of default in some amount of time, Plaintiff again fails to allege facts

3   that would constitute a breach of that duty.  Plaintiff merely alleges that Defendant filed a

4   notice of default approximately twelve months after Plaintiff defaulted on the loan, which

5   Plaintiff urges was "untimely" without pointing to any persuasive legal authority.

6   Specifically, Plaintiff argues that "[t]he period of time by which the notice of default

7   must be filed in California should be seven months after the last date of payment"

8   because applying such a deadline would bring "all Federally related loans foreclosures

9   [sic] comfortably within the Federal housing law public policy re [sic] foreclosures, and

10  should completely get rid of the abuse by the servicers, and the bad homeowners."  FAC

11  ¶ 42.  For the reasons set forth in the Court's previous Order, the Court is again

12  unpersuaded by Plaintiff's argument.[2]  *See* Doc. No. 14 (finding the Complaint provided

13  "inadequate support for the proposition that . . . Defendant was bound to a seven- or

14  eight-month period in which to file a notice of default"); *see also Weismann*, 2016 WL

15  6680212, at *3 (stating, regarding an essentially identical complaint, that the plaintiff

16  failed to plausibly allege the existence of a "'Federal housing law public policy' based on

17  agency statutes, regulations, rules and/or guidelines").

18      For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss as

19  to Plaintiff's negligence claim.

20              **ii.     Intentional Infliction of Emotional Distress**

21      Plaintiff also fails to cure the deficiencies the Court delineated with regard to her

22  cause of action for intentional infliction of emotional distress (IIED).  As in the

23  Complaint, Plaintiff's only basis for her IIED claim is her assertion that Defendant should

24  have filed a notice of default four or five months earlier than it did.  Thus, all of the

25  reasons that the Court discussed in its initial Order are equally applicable to the FAC.

26  _____

27  [2] Also, Plaintiff's new allegation that Defendant "has a declared in-house policy of never filing a notice
28  of default when they could and should on time" does not cure this deficiency, as Plaintiff fails to
    delineate a sound legal basis for her interpretation of what would be "on time."  *See* FAC ¶ 15.

16cv106-MMA (RBB)

For example, as the Court stated previously, nonjudicial foreclosure proceedings do not typically constitute extreme and outrageous conduct giving rise to IIED claims. *See Smith v. Wachovia*, No. C 09-01300 SI, 2009 WL 1948829, at \*4 (N.D. Cal. July 6, 2009) (stating that the plaintiff's allegations that the defendant wrongfully and intentionally initiated nonjudicial foreclosure proceedings were insufficient to state a claim for IIED); *Hart v. Bayview Loan Servicing*, No. 216CV01309CASAFMX, 2016 WL 3921139, at \*7 (C.D. Cal. July 18, 2016).  In fact, even where lenders or loan servicers inaccurately told homeowners that their homes would not be foreclosed on, courts have declined to find their conduct extreme or outrageous for the purposes of IIED claims.  *See e.g.*, *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010) ("The fact that one of Defendant Wells Fargo's employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context."); *Aguinaldo*, 2012 WL 3835080, at \*2, \*7.

Further, as discussed above and in the Court's prior Order, Plaintiff fails to allege that Defendant's conduct violated any law or "Federal housing law public policy concerning foreclosures," which undermines her assertions that Defendant's conduct was extreme and outrageous.  *See* FAC ¶ 21.  It is also noteworthy that Defendant's conduct in filing a notice of default was prompted by Plaintiff's own default.  The Court finds, as a matter of law, that Defendant's conduct was not "so extreme as to exceed all bounds of that usually tolerated in a civilized society," as would be required to state a claim for IIED.  *See Vasquez v. Franklin Mgmt. Real Estate Fund, Inc.*, 222 Cal. App. 4th 819, 832 (2013); *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1259 (2005).

Moreover, the Court notes that Plaintiff's amended allegations remain insufficient to allege that Defendant's failure to file a notice of default within seven or eight months of Plaintiff's default proximately caused her any emotional distress that she would not have otherwise suffered due to the inherently stressful nature of foreclosure proceedings. "Common sense dictates that home foreclosure is a terrible event and likely to be fraught

with unique emotions and angst." *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (dismissing IIED claim in part because of the plaintiff's inability to connect the defendant's allegedly improper conduct to her distress).

For the foregoing reasons, and for those stated in the Court's Order dismissing Plaintiff's original Complaint, Plaintiff has not stated a plausible claim for IIED. The Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's IIED claim.

### iii. Requests for Equitable Remedies: Declaratory Relief, Quiet Title, and Injunctive Relief

Plaintiff's requests for equitable relief are premised on Plaintiff's assertion that Defendant was bound by a seven- or eight-month deadline in which to file a notice of default. Because Plaintiff has failed to sufficiently allege that Plaintiff's loan was subject to such a deadline, or that Defendant had a duty to abide by that deadline, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's claims for declaratory relief, quiet title, and preliminary and permanent injunctions.

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a) states that "leave to amend shall be freely given when justice so requires." *See Schmidt v. PNC Bank, NA*, 591 F. App'x 642, 643 (9th Cir. 2015). While liberally granted, "leave to amend is not automatic." *Id.* It is within the discretion of district courts to deny leave to amend based on various factors, including futility of amendment. *Id.*; *Star Patrol Enterprises, Inc. v. Saban Entm't, Inc.*, 129 F.3d 127 (9th Cir. 1997). Here, based on the nature of the deficiencies, amendment appears futile. Further, Plaintiff has failed to correct the deficiencies noted by the Court previously when it allowed Plaintiff leave to amend her original Complaint, and Plaintiff does not request further leave to amend. Accordingly, the Court declines to allow Plaintiff further amendment.

//

//

//

8

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss the Complaint, Doc. No. 20, as to all causes of action and **DISMISSES** Plaintiff's claims <u>with prejudice</u> and <u>without leave to amend</u>. The Clerk of Court is instructed to close this case. **IT IS SO ORDERED.**

Dated:  May 2, 2017

Hon. Michael M. Anello
United States District Judge

9